UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEBORAH OSINOFF,

                         Plaintiffs,     Case No. 22-cv-02017(KMK)

    -against-

NUVANCE HEALTH d/b/a SHARON HOSPITAL
and TAMMY L. CORDOVANO,

**STIPULATED PROTECTIVE ORDER**

                         Defendant.
------------------------------------------------------------X

**MEMO ENDORSED**

      The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby,

      ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested parties with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

      1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery material to anyone else except as expressly permitted hereunder.

      2.    The parties agree and acknowledge that defendant Nuvance Health is a covered entity for purposes of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and is subject to the HIPAA Privacy Rule, which protects all individually identifiable health information ("protected health information" or "PHI") held or transmitted by a covered entity or its business associates, in any form or media, whether electronic, paper, or oral.

4881-6712-6066.3                                1

The parties agree and acknowledge that Nuvance Health must make reasonable efforts to use, disclose, and request only the minimum amount of PHI needed to accomplish the intended purpose of the use, disclosure, or request, and must develop and implement policies and procedures to reasonably limit uses and disclosures to the minimum necessary. Accordingly, the parties agree and acknowledge that this Stipulated Protective Order is in keeping with Nuvance Health's "minimum necessary" use and disclosure obligations.

3. The person producing any such Discovery Material may designate as Confidential only such portion of such material as consists of:

    a) proprietary, research, developmental, commercial and/or financial information previously nondisclosed to the public;

    b) any information of a personal or intimate nature regarding any individual, including Defendant's current and former employees;

    c) any document or information containing PHI or other health-related information;

    d) any other category of information hereinafter given confidential status by the Court.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential either on the record during the deposition or within five (5) days of receipt of the transcript. If so designated, the final transcript

of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5.      If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by notifying all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

6.      No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential for any purpose other than the above-captioned proceeding. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

   a) the parties to this action and, with respect to Discovery Material designated as Confidential that was produced by a non-party, also to such non-party;

   b) counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

   c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action as a witness, provided that the

aforementioned witness has executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto prior to disclosure;

e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

f) stenographers engaged to transcribe depositions conducted in this action;

g) independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

h) the Court and its support personnel; and

i) any other person whom the producing person, or other person designating the Discovery Material confidential pursuant to paragraph 8 below, agrees in writing may have access to such Discovery Material.

7. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d) or 6(e) above, such person shall be provided with a copy of this Protective Order by counsel and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon receipt and prior to disclosure of the Confidential Discovery Material. Any counsel for a party who produces a witness for a deposition in this matter shall be

responsible to obtain that witness's Non-Disclosure Agreement in the form annexed as Exhibit A hereto prior to the commencement of the deposition;

8.  All Confidentiality Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The party who designates a document as Confidential is responsible for seeking an application to file such document under seal if given three (3) days' notice by the other party that it intends to file such document with the court. The parties will use their best efforts to minimize such sealing.

9.  The party who intends to file information under seal will comply with the requirements set forth in Section 3(B) of the Individual Practices of Magistrate Judge Judith C. McCarthy.

10. Any party who either objects to any designation of confidentiality, or who, by contrast, requests further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

11. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with this litigation and despite a producing person having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of

4881-6712-6066.3

5

attorney-client privilege or attorney work product, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

17. This Protective Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, except that counsel of record may retain

one copy of all working files as long as all Confidential material is maintained in perpetuity consistent with this Order.

  18. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: New York, New York
    September 12, 2022

| GODDARD LAW PLLC | LEWIS BRISBOIS BISGAARD & SMITH LLP |
|---|---|
| By: _____<br> Anthony Consiglio, Esq.<br> 39 Broadway, Suite 1540<br> New York, New York 10006<br> (646) 504-8363<br> anthony@goddardlawnyc.com<br><br>*Attorneys for Plaintiff* | By: _____<br> Adam E. Collyer, Esq.<br> Colby H. Berman, Esq.<br> 77 Water Street, Suite 2100<br> New York, New York 10005<br> (212) 232-1300<br> adam.collyer@lewisbrisbois.com<br> colby.berman@lewisbrisbois.com<br><br>*Attorneys for Defendants* |

SO ORDERED

_____
KENNETH M. KARAS U.S.D.J.

Dated: New York, New York
    September 13, 2022

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DEBORAH OSINOFF,

                    Plaintiffs,      Case No. 21-cv-02017(KMK)

    -against-

                                       **PROTECTIVE ORDER**

NUVANCE HEALTH d/b/a SHARON HOSPITAL
and TAMMY L. CORDOVANO,

                    Defendant.
----------------------------------------------------------X

        I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of the Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the protective order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____            Signature: _____