

LEWIS BRISBOIS BISGAARD & SMITH LLP

Adam E. Collyer
77 Water Street, Suite 2100
New York, New York 10005
Adam.Collyer@lewisbrisbois.com
Direct: 646.783.1723

November 4, 2022

**VIA ECF**

Hon. Judith C. McCarthy
United States Magistrate Judge
The Hon. Charles L. Brieant Jr. Federal
Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

> **SO ORDERED:**
> The Court will hold a telephone conference on November 16, 2022 at 12:00 p.m. to discuss the issues raised in this letter and in Docket No. 33. Counsel shall call 877-873-8017 and enter access code 4264138 at the time of the conference.
>
> _____ 11-14-22
> JUDITH C. McCARTHY
> Unted States Magistrate Judge

Re:   *Osinoff v. Nuvance Health d/b/a Sharon Hospital and Tammy Cordovano*
      Case No. 7:22-cv-02017-KMK-JCM

Dear Judge McCarthy:

We represent defendants Nuvance Health and Tammy Cordovano (collectively, "Defendants") in the above-referenced matter. We write to request an informal conference from the Court pursuant to the Section 2.A of Judge McCarthy's individual practices. Defendants intend to move to quash Plaintiff's notice of deposition to Christina McCulloch under Rule 45(d)(3)(iii) and (iv), and for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure.[1]

**Background**

In this lawsuit, Plaintiff alleges that she was discriminated against on the basis of her age in violation of the Age Discrimination in Employment Act, New York State Human Rights Law, and Connecticut Fair Employment Practices Act. Specifically, Plaintiff alleges that her supervisor, defendant Tammy Cordovano, terminated her employment after two months because of Plaintiff's age.

On October 26, 2022, Plaintiff issued a Rule 45 Notice (the "Notice"), advising of her intent to subpoena Christina McCulloch, President of Sharon Hospital at Nuvance Health, for testimony. *See* Exhibit A. Defendants now seek leave to file a motion to quash the Notice upon Christina

---

[1] The parties met and conferred in good faith regarding this dispute, engaging in a telephonic discussion on November 4, 2022 for approximately 14 minutes. Adam Collyer, counsel for the Defendants, and Shaina Wood, counsel for Plaintiff, were present.

Hon. Judith M. McCarthy
November 4, 2022
Page 2

McCulloch, and for a protective order to protect McCulloch and Nuvance Health from undue burden, expense, annoyance, and embarrassment. *See* F.R.C.P. 26(c)(1).

McCulloch is not a relevant witness to this proceeding, as she lacks any knowledge of the facts relevant to Plaintiff's claims. As she attests to in her sworn declaration, she was not Plaintiff's supervisor, never evaluated Plaintiff's performance, and was not involved in the decision to terminate Plaintiff's employment. Moreover, even assuming McCulloch did have information relevant to Plaintiff's claims, such information may be available from other sources and Plaintiff's have not yet made any effort to obtain that information from other witnesses.

Plaintiff is engaged in a fishing expedition in a thinly veiled attempt to harass Nuvance Health and McCulloch by subjecting her to an unnecessary deposition. The notice should be quashed and the Court should issue a protective order.

### The Notice Should Be Quashed

Under the apex witness doctrine, this Court has recognized that senior corporate executives are afforded an addition layer of protection from the intrusion of depositions. "Courts must be vigilant so that… those in control of large institutions are not subjected to the burdens of discovery without a showing that they are likely to have information useful to the litigation that cannot fairly and with less burden be found elsewhere." *In re Effecten-Spiegel AG*, 2018 U.S. Dist. LEXIS 135838, at *4 (S.D.N.Y. Aug. 10, 2018) (granting motion to quash deposition of former chairman and chief executive officer).

While McCulloch previously served as Chief Nursing Officer at Sharon Hospital, she has served as President of Sharon Hospital since June 2022. Plaintiff cannot credibly dispute that President of Sharon Hospital is a senior corporate executive in control of a large institution. Given that, Plaintiff must establish that McCulloch has unique and personal knowledge of the facts and circumstances set forth in the complaint. Plaintiff has not, because she cannot, make any such showing here. Accordingly, the Notice should be quashed and a protective order issued.

Upon receipt of the Notice, Defendants objected and requested that Plaintiff advise of the grounds upon which McCulloch's testimony was sought. By email, dated October 26, 2022, Plaintiff's counsel replied that they "d[id]n't know" whether there were any documents or other information to suggest that McCulloch played any role in Plaintiff's employment or termination. Indeed, counsel admitted that none of the three lawyers or the paralegal handling this file, "have had a chance to go through the document production yet." *See* Exhibit B. Even so, Plaintiff's counsel

advised that he thinks they "are entitled to the deposition of [Cordovano's] supervisor regardless of whether her name appears in the documents."[2] *Id.*

Three hours later, Plaintiff's counsel advised that there was just a single mention of McCulloch's first name in the more than 600 documents collectively exchanged to date. Even so, however, Plaintiff's counsel made clear in an email at 1:59 a.m. that McCulloch was noticed "because she was Cordovano's supervisor, and, additionally, because HR expected that she should be involved." *Id.*

The grounds articulated by Plaintiff's counsel are insufficient to subject a senior corporate executive to deposition. Plaintiff's cannot simply demand that irrelevant witnesses testify, particularly based on the assertion that Plaintiff believes she is "entitled" to it, without any reason or discovery to suggest that she has any relevant knowledge whatsoever. *Myun-Uk Choi v. Tower Research Capital LLC*, 2019 U.S. Dist. LEXIS 204534, *6 (S.D.N.Y. Nov. 22, 2019) (affirming Judge Gorenstein's Order preventing the deposition of defendant Chief Executive Officer where plaintiffs "had not come forward with any evidence that [defendant CEO] has knowledge of any of the claims or defenses in this case- or information that could not easily have been obtained through other discovery."); *Effecten-Spiegel AG*, 2018 U.S. Dist. LEXIS 135838, at *4 (S.D.N.Y. August 10, 2018) (quashing subpoena where "[p]etitioners have not made a showing that any deposition of [the executive] would not be redundant with the sworn statement he has already provided, or that he has any unique personal knowledge relevant to the ... litigation"); *Milione v. City University of New York*, 950 F. Supp. 2d 704, 714 (S.D.N.Y. 2013) (precluding deposition of City University of New York Chancellor who "affirmed by affidavit that he has no personal knowledge of Plaintiffs employment, and the record does not indicate otherwise"). As Chief Nursing Manager in 2020, McCulloch supervised Cordovano directly. Additionally, as she asserts in her sworn declaration, she was responsible for many different units and did not spend time in Plaintiff's unit on a daily basis. *See* Exhibit C. McCulloch further asserts that she has no knowledge of the facts and circumstances underlying this lawsuit - she has no personal knowledge regarding Plaintiff's performance or the training Plaintiff received, nor did she supervise her. Critically, McCulloch played no role in Plaintiff's termination. *Id.*

Even assuming McCulloch has personal knowledge of the facts and circumstances alleged here, Plaintiff must make attempts to obtain such information from other sources. Plaintiff has not done so. While Plaintiff has noticed depositions of several of her former colleagues, such depositions have not yet occurred. Plaintiff has also not issued a Rule 30(b)(6) notice. McCulloch is tasked with operating a large hospital, and Plaintiff's cannot simply pull her away from those important obligations on a whim because they have not attempted to gather evidence in any other manner.

---

[2] Notably, Plaintiff did not reference McCulloch in her complaint, nor did she reference McCulloch during her deposition, which was taken on October 20, 2022.

Hon. Judith M. McCarthy
November 4, 2022
Page 4

    We thank the Court for its attention to this matter.

Respectfully,

*/s/ Adam E. Collyer*

Adam E. Collyer of
LEWIS BRISBOIS BISGAARD &
SMITH LLP

cc:   *<u>All counsel of record</u>*